UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MARLON T. DIGGS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:19-CV-331-TAV-HBG |
| DEPUTY THOMPSON, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. On June 18, 2020, the Court entered an order noting that Plaintiff had failed to respond to its previous show cause order and therefore may no longer seek to pursue this matter and providing Plaintiff with ten days from the date of entry of that order to file a notice indicating whether he still seeks to pursue this action [Doc. 23 p. 1]. The Court also notified Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action with prejudice [*Id.*]. More than ten days have passed and Plaintiff has not complied with that order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir.

1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to the Court's previous order is due to Plaintiff's willfulness or fault, as it appears that Plaintiff received that order and chose not to comply therewith. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendant Thompson. As to the third factor, again, the Court's last order warned Plaintiff that this action would be dismissed with prejudice if he failed to timely comply therewith. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff was proceeding *in forma pauperis* herein and has demonstrated that he no longer wants to pursue this case.

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b), *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (noting that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to

2

Case 3:19-cv-00331-TAV-HBG   Document 24   Filed 07/06/20   Page 2 of 3   PageID #: 73

straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
